# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **STATE OF TENNESSEE ex rel.** | ) | |
| **JONATHAN SKRMETTI, Attorney** | ) | |
| **General and Reporter for the State of** | ) | |
| **Tennessee,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-00695** |
| | ) | |
| **BOTTLE BUZZ, INC.,** | ) | **DISTRICT JUDGE** |
| **d/b/a BOTTLE BUZZ,** | ) | **MAGISTRATE JUDGE** |
| | ) | |
| **CASK CARTEL PREMIUM** | ) | **JURY DEMAND** |
| **SPIRITS,** | ) | |
| | ) | |
| **THE LIQUOR BROS** | ) | |
| **d/b/a THE LIQUOR BROS,** | ) | |
| **d/b/a LENA'S LIQUOR,** | ) | |
| | ) | |
| **MY BEV STORE,** | ) | |
| | ) | |
| **PRIME TIME LIQUORS,** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **WOODEN CORK ENTERPRISES, INC.** | ) | |
| **d/b/a WOODEN CORK** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

---

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND CIVIL
PENALTIES PURSUANT TO THE TWENTY-FIRST AMENDMENT ENFORCEMENT
ACT AND TENNESSEE CONSUMER PROTECTION ACT**

---

1

Attorneys for Plaintiff

JONATHAN SKRMETTI
Attorney General and Reporter

Dean S. Atyia
Team Leader/Assistant Attorney General
Law Enforcement &
Special Prosecutions Division
Kelley L. Groover
Senior Assistant Attorney General
Consumer Protection Division
Office of the Tennessee
Attorney General & Reporter
P.O. Box 20207
Nashville, TN  37202
Off. (615) 741.3491

**Dated: July 20, 2023**

2

## PRELIMINARY STATEMENT

1.      Plaintiff, State of Tennessee by and through its Attorney General & Reporter Jonathan Skrmetti, brings this civil action pursuant to the Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a, and the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*, in the public interest, to obtain equitable and injunctive relief, including a preliminary and permanent injunction against Defendants pursuant to 27 U.S.C. 122a (d) and Tenn. Code Ann. § 47-18-108(a)(1), and to seek the assessment of civil penalties against Defendants pursuant to section 47-18-107(b)(3) of the Tennessee Consumer Protection Act.

2.      Defendants have each violated and continue to violate Tennessee liquor laws by shipping intoxicating liquor directly to consumers in Tennessee from outside the state without licensure by the Tennessee Alcoholic Beverage Commission ("TABC").

3.      These practices violate the State of Tennessee's liquor laws, Tenn. Code Ann. §§ 57-3-101, *et seq.* and the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*

4.      The Twenty-First Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of spirituous liquors, in violation of laws thereof." U.S. Const. Amend. XXI, § 2.

5.      The State of Tennessee generates revenue through taxation of the retail sale of spirits and wine. The illegal, unlicensed direct-to-consumer shipment of spirits causes a loss in tax revenue generated by the legal sale of spirits by licensed Tennessee retailers.

6.      The purpose of this action is to enforce compliance with Tennessee liquor laws and ensure the proper assessment and collection of taxes on the sale of wine and spirits to Tennessee consumers. This lawsuit is required to restrain Defendants from engaging or continuing to engage

3

in the violations alleged, to enforce compliance with Tennessee law, to enforce Tennessee's authority over the transportation and importation of alcoholic liquor into Tennessee, and to protect the health, safety, and welfare of its citizens. *See* 27 U.S.C. § 122a(b)(1)-(2).

7.     Pursuant to Tenn. Code Ann. § 47-18-108(a)(2), the Attorney General has provided 10 days' notice of this action to Defendants.

8.     The Tennessee Division of Consumer Affairs has complied with Tenn. Code Ann. § 47-18-5002(2).

## **PARTIES**

9.     Plaintiff, State of Tennessee, is one of fifty sovereign states of the United States. Jonathan Skrmetti is the Attorney General and Reporter of the State of Tennessee and has been duly appointed to serve as Attorney General by the Tennessee Supreme Court. This proceeding is brought by the State of Tennessee in its sovereign capacity by and through the Attorney General.

10.     Defendant Bottle Buzz, Inc., d/b/a Bottle Buzz (hereinafter "Bottle Buzz"), is a corporation headquartered in California, located at 220 Bay Street, #208, Santa Monica, California, 90405, and organized under the laws of Delaware.  Its registered agent is United States Corporation Agents, Inc. located at 300 Delaware Ave., Suite 210-A, Wilmington, DE 19801.

11.     Defendant Cask Cartel Premium Spirits (hereinafter "Cask Cartel") is a corporation that, upon information and belief, is headquartered in Florida. Its last known address is 414 Lakepark Trail, Oviedo, Florida 32765.

12.     Defendant The Liquor Bros, d/b/a The Liquor Bros, d/b/a Lena's Liquor, (hereinafter "The Liquor Bros"), is a business that, upon information and belief, is headquartered in and organized under the laws of California, located at 1141 E. Washington Avenue #A, Escondido California 92025.

4

13. Defendant My Bev Store (hereinafter "My Bev Store"), is a business that, upon information and belief, is headquartered in and organized under the laws of California, located at 5525 Jackson Dr., La Mesa, California 91942.

14. Defendant Prime Time Liquor (hereinafter "Prime Time Liquor"), is a business that, upon information and belief, is headquartered in and organized under the laws of California, located at 2290 Coronado Ave., San Diego, CA 92154.

15. Defendant Wooden Cork Enterprises, Inc., d/b/a Wooden Cork, (hereinafter "Wooden Cork"), is a corporation headquartered in and organized under the laws of California, headquartered at 4232 Poplar St., San Diego, California 92105. Its registered agent is Patrick Kachi located at 4232 Poplar St., San Diego, California 92105.

## JURISDICTION AND VENUE

16. The Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor." 27 U.S.C. § 122a(b)-(c).

17. This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1).

18. Defendants are not "otherwise authorized to produce, sell, or store intoxicating liquor" in the State of Tennessee. *See* 27 U.S.C. § 122a(c)(1).

19. Plaintiff's state law claims are so related to the action over which this court has original jurisdiction that they form part of the same case or controversy under Article III of the United

5

States Constitution. As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

20. Bottle Buzz operates a website at www.bottlebuzz.com that can be accessed in Tennessee. Bottle Buzz has made at least one shipment of intoxicating liquor and likely more into Tennessee.

21. Cask Cartel operates a website at www.caskcartel.com that can be accessed in Tennessee. Cask Cartel has made at least one shipment and likely more into Tennessee.

22. Defendant The Liquor Bros operates a website at www.theliquorbros.com that can be accessed in Tennessee. The Liquor Bros has made at least one shipment of intoxicating liquor and likely more into Tennessee.

23. Defendant My Bev Store operates a website at www.mybevstore.com that can be accessed in Tennessee. My Bev Store has made at least one shipment of intoxicating liquor and likely more into Tennessee.

24. Defendant Prime Time Liquor operates a website at www.primetimeliquor.com that can be accessed in Tennessee. Prime Time Liquor has made at least one shipment of intoxicating liquor and likely more into Tennessee.

25. Defendant Wooden Cork operates a website at www.woodencork.com that can be accessed in Tennessee. Wooden Cork has made at least one shipment of intoxicating liquor and likely more into Tennessee.

26. This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k) and Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-201. Pursuant to the long-arm statute, Defendants are subject to the jurisdiction of a court of general jurisdiction in the Middle District of Tennessee because this cause of action arises from Defendants' transacting business in Tennessee in violation of Tennessee law.

6

27.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events and omissions giving rise to this action took place in Tennessee, specifically, the direct shipment of spirits by Defendants to persons in Tennessee.

## APPLICABLE LAW

### I.     The Twenty-First Amendment and Related Federal Statutes

28.     Section 2 of the Twenty-First Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof." U.S. Const. Amend. XXI, § 2.

29.     The Webb-Kenyon Act, 27 U.S.C. § 122, prohibits the "shipment or transportation, in any manner or by any means whatsoever, of any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind" from one State to another for receipt, possession, sale, or use in violation of any law of the State to which the intoxicating liquor is transported or shipped.

30.     The Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action for injunctive relief against any person whom the attorney general has reasonable cause to believe "is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor[.]"

31.     The Twenty-First Amendment Enforcement Act defines "intoxicating liquor" as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind." 27 U.S.C. § 122a(a)(2).

32.     The Twenty-First Amendment Enforcement Act defines "person" to include any individual and any "partnership, corporation, company, firm, society, association, joint stock company, trust, or other entity capable of holding a legal or beneficial interest in property." 27 U.S.C. § 122a(a)(3).

7

33.     Pursuant to the Twenty-First Amendment Enforcement Act, the attorney general of any State may seek an injunction against any person the attorney general has reasonable cause to believe is violating, or has violated, state law regulating the importation or transportation of intoxicating liquor, as the attorney general determines necessary, to restrain the person from continuing to engage in the violation, and enforce compliance with applicable state law.

## II.     Tennessee Liquor Laws

34.     The Tennessee Alcoholic Beverage Commission is responsible for administering and enforcing Tennessee's liquor laws. Tenn. Code Ann. §§ 57-1-101 to -214.

35.     Title 57 of the Tennessee Code governs the sale of alcoholic beverages in Tennessee.

36.     Section 57-3-101(a)(1)(A) defines an "alcoholic beverage" as "alcohol, spirits, liquor, wine, high alcohol content beer, and every liquid containing alcohol, spirits, wine, and high alcohol content beer."

37.     For purposes of both the Twenty-First Amendment Enforcement Act and Tennessee law, the terms "intoxicating liquor" and "alcoholic beverage" includes spirituous liquor.

38.     No Tennessee law permits any person, firm, or corporation to ship intoxicating liquors directly to consumers from outside the state. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

39.     Shipment of alcoholic beverages "not authorized" by Tennessee law is a Class E felony under Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

40.     Title 57, Chapter 3, sets forth the licenses that must be obtained from TABC in order to engage in the manufacture, distribution, possession, and sale of wine and intoxicating liquor within the State of Tennessee.

8

41.     Tennessee law generally prohibits the retail sale of alcoholic beverages in Tennessee without a valid retail license issued by the TABC pursuant to Tenn. Code Ann. § 57-3-204.

42.     Notably, "any person, firm, or corporation" that holds a federal basic permit pursuant to the Federal Alcohol Administration Act and is "in the business of manufacturing, bottling, or rectifying wine" may apply to the TABC for a winery direct shipper's license that permits such winery to ship wines manufactured by or for the winery directly to consumers. Tenn. Code Ann. § 57-3-217(a)-(b).

43.     It is a class E felony for any person, firm, corporation or association to import, ship, deliver or cause to be imported, shipped or delivered into Tennessee any alcoholic beverages upon which the tax imposed has not been paid or where the transportation has not been authorized by Tennessee's liquor laws. Tenn. Code Ann. § 57-3-401(b)(1).

44.     Wine cannot be directly shipped to consumers in Tennessee unless the shipper possesses a license. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

45.     There is no license under Tennessee law that allows for an entity to ship intoxicating liquor directly to a consumer in Tennessee from outside the state. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

### III.     The Tennessee Consumer Protection Act

46.     Title 47, Chapter 18, Part 1 contains the Tennessee Consumer Protection Act of 1977 ("TCPA").

47.     The TCPA prohibits "unfair or deceptive acts affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104(a).

9

48. Among the acts prohibited by the TCPA is "[t]he act or practice of directly or indirectly…[a]dvertising, promoting, selling, or offering for sale any good or service that is illegal or unlawful to sell in the state." Tenn. Code Ann. § 47-18-104(b)(43)(C).

49. The TCPA allows the Attorney General to seek temporary or permanent injunctive relief against "any person" who "has engaged in, is engaging in, or based upon information received from another law enforcement agency, is about to engage in" a violation of the TCPA. Tenn. Code Ann. § 47-18-108(a)(1).

50. The TCPA provides for civil penalties of up to $1,000 for each violation of the TCPA. Tenn. Code Ann. § 47-18-108(b)(3).

51. Under section 47-18-114 of the TCPA, the Attorney General "may bring any appropriate action or proceeding in any court of competent jurisdiction pursuant to this part."

52. The Attorney General brings this action pursuant to his enforcement powers under the Tennessee Consumer Protection Act of 1977, Tenn. Code Ann. §§ 47-18-101 to -131.

## FACTUAL ALLEGATIONS REGARDING
## ILLEGAL DIRECT-TO-CONSUMER SHIPMENTS OF SPIRITS

### I.     Factual Allegations Against Bottle Buzz

53. Bottle Buzz does not possess a license to sell or ship intoxicating liquor into Tennessee directly to consumers. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

54. No Tennessee law permits any person, firm, or corporation to ship intoxicating liquors directly to consumers from outside the state. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

55. Shipment of alcoholic beverages "not authorized" by Tennessee law is a Class E felony under Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

10

56.     The TCPA, prohibits in "[t]he act or practice of directly or indirectly…[a]dvertising, promoting, selling, or offering for sale any good or service that is illegal or unlawful to sell in the state." Tenn. Code Ann. § 47-18-104(b)(43)(C).

57.     On October 5, 2022, a special agent with TABC visited the Bottle Buzz website from within the state of Tennessee and purchased one 750 milliliter bottle of Evan Williams Peach Whiskey, an intoxicating liquor.

58.     When prompted by the website, the special agent entered a shipping address within the state of Tennessee.

59.     On October 5, 2022, the special agent received confirmation for the order via email, which contained a tracking number from UPS.

60.     On October 14, 2022, a package was delivered by UPS to an address in Tennessee with a shipping label printed with tracking information matching the tracking information provided in the email from Bottle Buzz.

61.     The package contained one 750 milliliter bottle of Evan Williams Peach Whiskey, wrapped in brown paper.

62.     Bottle Buzz illegally shipped or caused to be shipped an intoxicating liquor to an address within the state of Tennessee when such sales are not permitted by Tennessee law in violation of Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

63.     In violating Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1), by shipping an intoxicating liquor to an address in Tennessee when such sales are not permitted by state law, Bottle Buzz has also violated section 47-18-104(b)(43)(C) of the Tennessee Consumer Protection Act of 1977 by "selling [ ] or offering for sale any good or service that is illegal or unlawful to sell in the state."

11

64. On information and belief, BottleBuzz has shipped additional intoxicating liquors to consumers in Tennessee and continues to ship intoxicating liquors to consumers in Tennessee, without any license or legal authorization.

## II. Factual Allegations Against Cask Cartel

65. Cask Cartel does not possess a license to sell or ship intoxicating liquor into Tennessee directly to consumers. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

66. No Tennessee law permits any person, firm, or corporation to ship intoxicating liquors directly to consumers from outside the state. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

67. Shipment of alcoholic beverages "not authorized" by Tennessee law is a Class E felony under Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

68. The TCPA prohibits "[t]he act or practice of directly or indirectly…[a]dvertising, promoting, selling, or offering for sale any good or service that is illegal or unlawful to sell in the state." Tenn. Code Ann. § 47-18-104(b)(43)(C).

69. On January 6, 2023, a special agent with the TABC visited the Cask Cartel website from within the state of Tennessee and purchased one 750 milliliter bottle of Blanton's Single Barrel Bourbon, an intoxicating liquor.

70. When prompted by the website, the special agent entered a shipping address within the state of Tennessee.

71. On January 6, 2023, the special agent received confirmation for the order via email, which contained a tracking number from FedEx.

12

72. On January 11, 2023, a package was delivered by FedEx to an address in Tennessee with a shipping label printed with tracking information matching the tracking information provided in the email from Cask Cartel.

73. The package contained one 750 milliliter bottle of Blanton's Single Barrel Bourbon as well as two sample-size 50 milliliter bottles of Rebel Yell Bourbon Whiskey.

74. Cask Cartel illegally shipped or caused to be shipped an intoxicating liquor to an address within the state of Tennessee when such sales are not permitted by Tennessee law in violation of Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

75. In violating Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1), by shipping an intoxicating liquor to an address in Tennessee when such sales are not permitted by state law, Cask Cartel has also violated section 47-18-104(b)(43)(C) of the TCPA by "selling [ ] or offering for sale any good or service that is illegal or unlawful to sell in the state."

76. On information and belief, Cask Cartel has shipped additional intoxicating liquors to consumers in Tennessee and continues to ship intoxicating liquors to consumers in Tennessee, without any license or legal authorization.

### III. Factual Allegations Against The Liquor Bros

77. The Liquor Bros does not possess a license to sell or ship spirituous liquor into Tennessee directly to consumers. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

78. No Tennessee law permits any person, firm, or corporation to ship spirituous liquors directly to consumers from outside the state. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

79. Shipment of alcoholic beverages "not authorized" by Tennessee law is a Class E felony under Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

13

80.     The TCPA, prohibits "[t]he act or practice of directly or indirectly…[a]dvertising, promoting, selling, or offering for sale any good or service that is illegal or unlawful to sell in the state." Tenn. Code Ann. § 47-18-104(b)(43)(C).

81.     On October 5, 2022, a special agent with the TABC visited The Liquor Bros website from within the state of Tennessee and purchased twelve 50 milliliter bottles of Sheep Dog Peanut Butter Whiskey, an intoxicating liquor.

82.     When prompted by the website, the special agent entered a shipping address within the state of Tennessee.

83.     On October 6, 2022, the special agent received confirmation for the order via an email from The Liquor Bros.

84.     On October 12, 2022, the special agent received an email from The Liquor Bros, which included a tracking number and indicated that the package had been delivered to an address in Tennessee via UPS.

85.     On October 12, 2022, a package was delivered by UPS to an address in Tennessee with a shipping label printed with tracking information matching the tracking information provided in the email from The Liquor Bros.

86.     The package contained twelve 50 milliliter bottles of Sheep Dog Peanut Butter Whiskey.

87.     The Liquor Bros illegally shipped or caused to be shipped an intoxicating liquor to an address within the state of Tennessee when such sales are not permitted by Tennessee law in violation of Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

88.     In violating Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1) by shipping an intoxicating liquor to an address in Tennessee when such sales are not permitted by state law, The

14

Liquor Bros has also violated section 47-18-104(b)(43)(C) of the TCPA by "selling [ ] or offering for sale any good or service that is illegal or unlawful to sell in the state."

89.     On information and belief, The Liquor Bros has shipped additional spirituous liquors to consumers in Tennessee and continues to ship spirituous liquors to consumers in Tennessee, without any license or legal authorization.

## IV.    Factual Allegations Against My Bev Store

90.     My Bev Store does not possess a license to sell or ship spirituous liquor into Tennessee directly to consumers.  Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

91.     No Tennessee law permits any person, firm, or corporation to ship spirituous liquors directly to consumers from outside the state. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

92.     Shipment of alcoholic beverages "not authorized" by Tennessee law is a Class E felony under Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

93.     The TCPA prohibits in the State of Tennessee "[t]he act or practice of directly or indirectly...[a]dvertising, promoting, selling, or offering for sale any good or service that is illegal or unlawful to sell in the state."  Tenn. Code Ann. § 47-18-104(b)(43)(C).

94.     On October 18, 2022, a special agent with the TABC visited the My Bev Store website from within the state of Tennessee and purchased one bottle of Bird Dog Blackberry Flavored Whiskey, an intoxicating liquor.

95.     When prompted by the website, the special agent entered a shipping address within the state of Tennessee.

96.     On October 24, 2022, the special agent received shipping confirmation for the order via an email from My Bev Store.

15

97.     On October 27, 2022, the special agent received an email from My Bev Store, which included a tracking number and indicated that the package had been delivered to an address in Tennessee via FedEx.

98.     On October 27, 2022, a package was delivered by FedEx to an address in Tennessee with a shipping label printed with tracking information matching the tracking information provided in the email from My Bev Store.

99.     The package contained one 750 milliliter bottle of Bird Dog Blackberry Flavored Whiskey, wrapped in bubble wrap and Styrofoam peanuts.

100.    My Bev Store illegally shipped or caused to be shipped an intoxicating liquor to an address within the state of Tennessee when such sales are not permitted by Tennessee law in violation of Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

101.    In violating Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1) by shipping an intoxicating liquor to an address in Tennessee when such sales are not permitted by state law, My Bev Store has also violated section 47-18-104(b)(43)(C) of the TCPA by "selling [ ] or offering for sale any good or service that is illegal or unlawful to sell in the state."

102.    On information and belief, My Bev Store has shipped additional intoxicating liquors to consumers in Tennessee and continues to ship intoxicating liquors to consumers in Tennessee, without any license or legal authorization.

V.      **Factual Allegations Against Prime Time Liquor**

103.    Prime Time Liquor does not possess a license to sell or ship spirituous liquor into Tennessee directly to consumers. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

16

104. No Tennessee law permits any person, firm, or corporation to ship spirituous liquors directly to consumers from outside the state. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

105. Shipment of alcoholic beverages "not authorized" by Tennessee law is a Class E felony under Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

106. The TCPA prohibits "[t]he act or practice of directly or indirectly…[a]dvertising, promoting, selling, or offering for sale any good or service that is illegal or unlawful to sell in the state." Tenn. Code Ann. § 47-18-104(b)(43)(C).

107. On October 18, 2022, a special agent with the TABC visited the Prime Time Liquor website from within the state of Tennessee and purchased one 750 milliliter bottle of Jack Daniel's Old No. 7 Tennessee Whiskey.

108. When prompted by the website, the special agent entered a shipping address within the state of Tennessee.

109. On October 19, 2022, the special agent received shipping confirmation for the order via an email from Prime Time Liquor, which included a UPS tracking number.

110. On October 27, 2022, a package was delivered by UPS to an address in Tennessee with a shipping label with tracking information matching the tracking information provided in the email from Prime Time Liquor.

111. The package contained one 750 milliliter bottle of Jack Daniel's Old No. 7 Tennessee Whiskey, wrapped in egg-crate protective packaging.

112. Prime Time Liquor illegally shipped or caused to be shipped an intoxicating liquor to an address within the state of Tennessee when such sales are not permitted by Tennessee law in violation of Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

17

113.    In violating Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1) by shipping an intoxicating liquor to an address in Tennessee when such sales are not permitted by state law, Prime Time Liquor has also violated section 47-18-104(b)(43)(C) of the TCPA by "selling [ ] or offering for sale any good or service that is illegal or unlawful to sell in the state."

114.    On information and belief, Prime Time Liquor has shipped additional intoxicating liquors to consumers in Tennessee and continues to ship intoxicating liquors to consumers in Tennessee, without any license or legal authorization.

## VI.    Factual Allegations Against Wooden Cork

115.    Wooden Cork does not possess a license to sell or ship spirituous liquor into Tennessee directly to consumers. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

116.    No Tennessee law permits any person, firm, or corporation to ship spirituous liquors directly to consumers from outside the state. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

117.    Shipment of alcoholic beverages "not authorized" by Tennessee law is a Class E felony under Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

118.    The TCPA prohibits "[t]he act or practice of directly or indirectly…[a]dvertising, promoting, selling, or offering for sale any good or service that is illegal or unlawful to sell in the state." Tenn. Code Ann. § 47-18-104(b)(43)(C).

119.    On December 13, 2021, TABC sent a cease and desist letter (hereinafter "the letter") to Wooden Cork following a successful purchase by TABC that resulted in an unlawful shipment of wine into Tennessee. The letter directed Wooden Cork to cease all retail sales into Tennessee and stated in relevant part:

> "There is no TABC license that allows retailers to lawfully ship wine directly to consumers in the State of Tennessee. As a retailer, you are not eligible for a

18

Winery Direct Shipper License, and thus any shipping of wine or other alcoholic beverages by you to consumers in the State of Tennessee is illegal."

120. On October 6, 2022, a special agent with the TABC visited the Wooden Cork website from within the state of Tennessee and purchased one 750 milliliter bottle of Tito's Handmade Vodka, an intoxicating liquor.

121. When prompted by the website, the special agent entered a shipping address within the state of Tennessee.

122. On October 10, 2022, the special agent received shipping confirmation for the order via an email from Wooden Cork, which included a link to a website that provided a FedEx shipping confirmation number and where the agent could track the shipment.

123. On October 18 2022, a package was delivered by FedEx to an address in Tennessee with a shipping label printed with tracking information matching the tracking information provided in the email from Wooden Cork.

124. The package contained one 750 milliliter bottle of Tito's Handmade Vodka, wrapped in cardboard and clear plastic packaging materials.

125. Wooden Cork illegally shipped or caused to be shipped an intoxicating liquor to an address within the state of Tennessee when such sales are not permitted by Tennessee law in violation of Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

126. In violating Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1) by shipping an intoxicating liquor to an address in Tennessee when such sales are not permitted by state law, Wooden Cork has also violated section 47-18-104(b)(43)(C) of the TCPA by "selling [ ] or offering for sale any good or service that is illegal or unlawful to sell in the state."

19

127. On information and belief, Wooden Cork has shipped additional intoxicating liquors to consumers in Tennessee and continues to ship intoxicating liquors to consumers in Tennessee, without any license or legal authorization.

## COUNT I

## CAUSE OF ACTION AGAINST UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

128. Plaintiff incorporates by reference paragraphs 1-127 as if fully restated herein.

129. Subsection (b) of the Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a(b), provides for temporary and permanent injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor, the attorney general may bring a civil action in accordance with this section for injunctive relief (including a preliminary or permanent injunction) against the person, as the attorney general determines to be necessary to—
>
> (1) restrain the person from engaging, or continuing to engage, in the violation; and
>
> (2) enforce compliance with the State law.

130. Defendants lacked direct shipper licenses at the time that they shipped alcoholic beverages to addresses in the state of Tennessee. This was, in each instance, a violation of Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1), and a Class E felony.

131. Defendants shipped spirituous liquors from outside the state directly to Tennessee consumers when such shipments are not permitted by state law in violation of Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1).

132. Sections 57-3-217 and -401 of the Tennessee Code are state laws regulating the importation and transportation of intoxicating liquor.

20

133.   Defendants continue to ship spirituous liquor into the state of Tennessee directly to consumers absent license or legal authority.

134.   Plaintiff is accordingly entitled to preliminary and permanent injunctive relief pursuant to the Twenty-First Amendment Enforcement Act prohibiting Defendants from making future sales and shipments of alcoholic beverages to addresses in the state of Tennessee.

## COUNT II

## TENNESSEE CONSUMER PROTECTION ACT VIOLATIONS

135.   Plaintiff incorporates by reference paragraphs 1-134 as if fully restated herein.

136.   Defendants have engaged in the illegal sale and shipment of alcohol to Tennessee consumers.

137.   These practices by Defendants constitute "unfair or deceptive acts or practices affecting the conduct of any trade or commerce" and are unlawful under § 47-18-104(b)(43)(C), which prohibits "[t]he act or practice of directly or indirectly…[a]dvertising, promoting, selling, or offering for sale any good or service that is illegal or unlawful to sell in the state."

138.   The TCPA provides for temporary and permanent injunctive relief and civil penalties of up to $1,000 for each violation of the TCPA. Tenn. Code Ann. § 47-18-108(a)(1) and (b)(3).

139.   Defendants continue to ship spirituous liquor into the state of Tennessee directly to consumers absent license or legal authority.

140.   Defendants are liable for and should be assessed civil penalties for each violation of the Tennessee Consumer Protection Act.

## REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter an order providing for the following:

(1)     Preliminary and permanent injunctive relief under the Twenty-First Amendment Enforcement Act and TCPA enjoining Defendants from continuing to violate Tenn. Code Ann. §§ 47-18-104, 57-3-217 and 57-3-401.

(2)     The imposition of cumulative civil penalties against Defendants pursuant to Tenn. Code Ann. § 47-18-108(b)(3).

(3)     Reimbursement of investigative expenses incurred pursuant to Tenn. Code Ann. § 57-3-217(e)(5).

(4)     Reimbursement for the costs and expenses of investigation and prosecution of actions under the Tennessee Consumer Protection Act, including attorneys fees, pursuant to Tenn. Code Ann. § 47-18-108(a)(6) and (b)(4).

(5)     Any other relief deemed appropriate.


Plaintiff respectfully requests a jury trial.


Respectfully submitted,


JONATHAN SKRMETTI, TN BPR No. 031551
Attorney General & Reporter

DEAN S. ATYIA, B.P.R. No. 039683
Team Leader/Assistant Attorney General
Law Enforcement &
Special Prosecutions Division
KELLEY L. GROOVER, B.P.R. No. 034738
Senior Assistant Attorney General
Consumer Protection Division
Office of the Tennessee
Attorney General & Reporter
P.O. Box 20207
Nashville, TN  37202
Off. (615) 741.3491

22