IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| STATE OF TENNESSEE ex rel. JONATHAN SKRMETTI, Attorney General and Reporter for the State of Tennessee, <br><br> PLAINTIFF, <br><br> v. <br><br> BOTTLE BUZZ, INC., d/b/a BOTTLE BUZZ, <br><br> CASK CARTEL PREMIUM SPIRITS, <br><br> THE LIQUOR BROS d/b/a THE LIQUOR BROS, d/b/a LENA'S LIQUOR, <br><br> MY BEV STORE, <br><br> PRIME TIME LIQUORS, <br><br> AND <br><br> WOODEN CORK ENTERPRISES, INC. d/b/a WOODEN CORK <br><br> DEFENDANTS. | Case No. 3:23-cv-00695 <br><br> DISTRICT JUDGE <br> MAGISTRATE JUDGE <br><br> JURY DEMAND |

**CONSENT DECREE, PERMANENT INJUNCTION, AND PARTIAL JUDGMENT BETWEEN THE STATE OF TENNESSEE AND DEFENDANTS BOTTLE BUZZ, INC., D/B/A BOTTLE BUZZ, PRIME TIME LIQUORS, MY BEV STORE, THE LIQUOR BROS D/B/A THE LIQUOR BROS, AND WOODEN CORK ENTERPRISES, INC., D/B/A WOODEN CORK**

On July 14, 2023, Plaintiff, State of Tennessee ("Plaintiff"), commenced this civil law enforcement action pursuant to the Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a,

1

and the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*, in the public interest, to obtain equitable and injunctive relief, including a preliminary and permanent injunction against six named Defendants pursuant to 27 U.S.C. § 122a(d) and Tenn. Code Ann. § 47-18-108(a)(1), and to seek the assessment of civil penalties against Defendants pursuant to § 47-18-107(b)(3) of the Tennessee Consumer Protection Act. Plaintiff filed an amended complaint on July 20, 2023.

The State and Defendants Bottle Buzz, Inc., Prime Time Liquors, My Bev Store, The Liquor Bros, and Wooden Cork Enterprises, Inc., d/b/a Wooden Cork (collectively "Settling Defendants") have agreed to entry of this Consent Decree, including a stipulated partial judgment, to resolve some of the matters in dispute between them in this action. The parties are expressly reserving the issue of civil penalties, which is still being negotiated between the Parties. Once an agreement is reached on the issue of civil penalties, the parties will present a Final Judgment to the Court for approval and entry. Plaintiff and Defendants, having been represented by counsel and acting by and through said counsel, have consented to the entry of this Consent Decree without trial or adjudication of any issue of law or fact herein.

**NOW THEREFORE**, Plaintiff and Settling Defendants ("collectively Parties"), requesting that the Court enter this Consent Decree, and the Court, having considered the Consent Decree reached between the Parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### I. FINDINGS

1. The Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would

constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor." 27 U.S.C. § 122a(b)-(c).

2. Pursuant to the Twenty-First Amendment Enforcement Act, the attorney general of any State may seek an injunction against any person the attorney general has reasonable cause to believe is violating, or has violated, state law regulating the importation or transportation of intoxicating liquor, as the attorney general determines necessary, to restrain the person from continuing to engage in the violation and enforce compliance with applicable state law.

3. This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), and supplemental jurisdiction over the state law claims of the State of Tennessee under 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events and omissions giving rise to this action took place in Tennessee, specifically, the direct shipment of Wine and Spirituous Liquor by Settling Defendants to persons in Tennessee.

5. This Court has personal jurisdiction over Settling Defendants under Fed. R. Civ. P. 4(k) and Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-201. Pursuant to the long-arm statute, Settling Defendants are subject to the jurisdiction of a court of general jurisdiction in the Middle District of Tennessee because this cause of action arises from Settling Defendants' transacting business in Tennessee in violation of Tennessee law.

6. The Amended Complaint states a claim upon which relief may be granted against Settling Defendants under the Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a, and the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*

7. The Twenty-First Amendment Enforcement Act defines "intoxicating liquor" as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind." 27 U.S.C. § 122a(a)(2).

8. Tennessee Code Ann. 57-3-101(a)(1)(A) defines an "alcoholic beverage" as "alcohol, spirits, liquor, wine, high alcohol content beer, and every liquid containing alcohol, spirits, wine, and high alcohol content beer."

9. For purposes of both the Twenty-First Amendment Enforcement Act and Tennessee law, the terms "intoxicating liquor" and "alcoholic beverage" include Spirituous Liquor (as defined below).

10. Wine (as defined below) cannot be directly shipped to consumers in Tennessee unless the shipper possesses a license. Tenn. Code Ann. §§ 57-3-217(g)(1)(A) and 57-3-401(b)(1). There is no license under Tennessee law that allows an entity to ship Spirituous Liquor directly to a consumer in Tennessee. 27 U.S.C. § 122a(a)(2); Tenn. Code Ann. § 57-3-401(b)(1).

11. Settling Defendants agree that they have directly shipped Wine to consumers in Tennessee without a license to do so. Settling Defendants acknowledge they have directly shipped Spirituous Liquor to consumers in Tennessee, for which there is no license.

12. Settling Defendants are not "otherwise authorized to produce, sell, or store" Spirituous Liquor in the State of Tennessee. *See* 27 U.S.C. § 122a(c)(1).

13. Settling Defendants have entered into this Consent Decree freely and without coercion, and acknowledge that they have read, understand, and are prepared to abide by the provisions of this Consent Decree.

14. As set forth in the release, Settling Defendants agree that the entry of this Consent Decree resolves all matters of dispute between Settling Defendants and Plaintiff, except for civil

4

penalties, arising from the Amended Complaint in this action, up to the date of the entry of this Consent Decree. Settling Defendants and Plaintiff agree to reserve any and all findings regarding civil penalties.

15. Entry of this consent decree is in the public interest.

16. With the entry of this Consent Decree, the Court makes no findings with regard to civil penalties pursuant to Tenn. Code Ann. § 47-18-108(b)(3) for violations caused by Settling Defendants' shipments of Spirituous Liquor and Wine into the State.

## II. PERSONS BOUND

17. The terms and provisions of this Consent Decree shall apply to and be binding upon the State, Settling Defendants, and Settling Defendants' successors in interest, parents, subsidiaries, affiliated entities, directors, officers, managers, agents, members, assigns, and employees.

18. No change in ownership or corporate status of Settling Defendants including, but not limited to, any transfer of assets of real or personal property shall in any way alter the Settling Defendants' obligations under this Consent Decree.

## III. DEFINITIONS

For purposes of this Consent Decree, the following definitions shall apply:

19. "Business records" means Settling Defendants' records concerning shipments of Spirituous Liquor or Wine to consumers, online order receipts, and promotional materials and advertisements, in any form whatsoever, as well as operating agreements, articles of incorporation, corporate bylaws, and tax returns.

20. "Complaint" means the Amended Complaint filed by the State on July 20, 2023, in the above-captioned matter.

5

Case 3:23-cv-00695   Document 26   Filed 12/19/23   Page 5 of 14 PageID #: 131

21. "TABC" means the Tennessee Alcoholic Beverage Commission.

22. "Consumer" shall be defined as set forth in Tenn. Code Ann. § 47-18-103(2).

23. "Settling Defendants" shall mean Bottle Buzz, Inc., d/b/a Bottle Buzz, Prime Time Liquors, My Bev Store, The Liquor Bros, and Wooden Cork Enterprises, Inc., d/b/a Wooden Cork.

24. "Effective Date" means the date the Clerk of Courts enters this Consent Decree.

25. "Paragraph" means a portion of this Consent Decree identified by an Arabic numeral or an uppercase or lowercase letter.

26. "Parties" means the State and Settling Defendants.

27. "Section" means a portion of this Consent Decree identified by a Roman numeral.

28. "Document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34.

29. "Knowingly" or "knowing" means actual awareness of the falsity or deception, but actual awareness may be inferred where objective manifestations indicate that a reasonable person would have known or would have had reason to know of the falsity or deception.

30. "Person" means any individual and any partnership, corporation, company, firm, society, association, joint stock company, trust, or other entity capable of holding a legal or beneficial interest in property but does not include a State or agency thereof.

31. "State" means the State of Tennessee by and through its Attorney General Jonathan Skrmetti.

32. "Spirituous Liquor" means ethyl alcohol, hydrated oxide of ethyl, whiskey, rum, brandy, gin, and other distilled spirits, including all dilutions and mixtures thereof, for non-industrial use.

6

Case 3:23-cv-00695   Document 26   Filed 12/19/23   Page 6 of 14 PageID #: 132

33. "Wine" shall be defined as set forth in Tenn. Code Ann. § 57-3-101(a)(25). Wine is included within the definition of intoxicating liquor as set forth in 27 U.S.C. § 122a(a)(2).

## IV. OBLIGATIONS REGARDING SPIRITUOUS LIQUOR

34. Settling Defendants shall immediately and permanently cease directing shipments of Spirituous Liquor to consumers in the State of Tennessee.

35. Settling Defendants shall immediately and adequately train and educate their directors, officers, managers, agents, members, assigns, and employees that Settling Defendants are not authorized to sell and/or ship Spirituous Liquor directly to consumers located in the State of Tennessee.

36. Settling Defendants shall place adequate disclaimers in all advertisements for the sale of Spirituous Liquor that may be viewed within the State of Tennessee, including but not limited to web-based advertisement, to clarify that such offers are not available for acceptance by consumers located in the State of Tennessee.

37. Settling Defendants shall make modifications as are reasonably necessary to ensure that their ordering systems, regardless of format or mechanism (whether web-based, telephonic, print, or mail), do not result in the shipment of Spirituous Liquor to consumers located in the State of Tennessee.

38. The obligations set forth in this Section IV shall remain in full force and effect unless and until a change in Tennessee law permits Settling Defendants to lawfully ship Spirituous Liquor to consumers located in the State of Tennessee.

## V. OBLIGATIONS REGARDING WINE[1]

39. Settling Defendants shall immediately cease directing shipments of Wine to consumers in the State of Tennessee.

40. Settling Defendants shall immediately and adequately train and educate their directors, officers, managers, agents, members, assigns, and employees that Settling Defendants are not authorized to sell and/or ship Wine directly to consumers located in the State of Tennessee.

41. Settling Defendants shall place adequate disclaimers in all advertisements for the sale of Wine that may be viewed within the State of Tennessee, including but not limited to web-based advertisement, to clarify that such offers are not available for acceptance by consumers located in the State of Tennessee.

42. Settling Defendants shall make modifications as are reasonably necessary to ensure that their ordering systems, regardless of format or mechanism (whether web-based, telephonic, print, or mail), do not result in the shipment of Wine to consumers located in the State of Tennessee.

43. The obligations set forth in this Section V shall remain in full force and effect unless and until Settling Defendants obtain proper permits and authorization from the TABC to lawfully ship Wine to consumers located in the State of Tennessee and comply with the requirements of Tenn. Code Ann. § 57-3-101 *et seq.*

---

[1] Under Tennessee law, "any person, firm, or corporation" that holds a federal basic permit pursuant to the Federal Alcohol Administration Act and is "in the business of manufacturing, bottling, or rectifying wine" may apply to the TABC for a winery direct shipper's license that permits such winery to ship wines manufactured by or for the winery directly to consumers. Tenn. Code Ann. § 57-3-217(a)-(b).

8

## VI. GENERAL OBLIGATIONS

44. Settling Defendants shall grant the Tennessee Attorney General's Office and the TABC access to Settling Defendants' business records and documents related to shipments of Spirituous Liquor and/or Wine into the State of Tennessee, upon reasonable demand, such that the Tennessee Attorney General's Office and/or the TABC may monitor Settling Defendants' compliance with Tennessee liquor laws for a period of five years from the Effective Date of this Consent Decree.

45. Settling Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the Complaint, cooperate in good faith with Plaintiff, and use their best efforts to ensure that their principals, officers, directors, employees, and other Persons cooperate with Plaintiff, and appear at such places and times as Plaintiff shall reasonably request, after written notice, for interviews, conferences, and for such other matters as may be reasonably requested by Plaintiff.

46. In addition, Plaintiff is authorized to have its representatives pose as Consumers, employees, or suppliers to Settling Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice. Further, Plaintiff's representatives may record (audio and/or video) any or all aspects of their interaction with Settling Defendants without notice to Settling Defendants. Settling Defendants agree to void any sale that is conducted pursuant to this paragraph, upon notification by Plaintiff.

47. Within 30 days of this Consent Order's entry, Settling Defendants shall provide a copy of this Consent Order to each of their officers, directors, owners, employees, and applicable

agents. Once provided, Settling Defendants shall, within 45 days of this Consent Order's entry, provide a certification under oath to the State that affirms compliance with this paragraph.

48. For a period of two years from the date of entry of this Consent Decree, Settling Defendants shall, on October 1, 2024, and October 1, 2025, notify and/or provide Plaintiff the following:

    a. Any changes in any of Settling Defendants' principal place(s) of business, mailing address(es), and telephone number(s);

    b. Any changes in a Defendant's name or use of any aliases or fictitious names;

    c. Any changes in a Defendant's structure, including, but not limited to: change of control or ownership, dissolution, merger, or the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Consent Decree; and

    d. A written report to Plaintiff, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which Settling Defendants have complied and are complying with this Consent Decree.

    e. Settling Defendants shall notify Plaintiff of the filing of a bankruptcy petition by any Defendant within 15 days of filing.

49. For the purposes of this Consent Decree, Settling Defendants shall, unless otherwise directed by Plaintiff's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications required by this Consent Decree to:

    Deputy Attorney General
    Office of the Tennessee Attorney General
    Consumer Protection Division
    315 Deaderick Street, 20th Floor
    Nashville, Tennessee 37243
    Re: State of Tennessee v. Bottle Buzz, Inc. et al

### VII. MUTUAL RELEASE AND COVENANT NOT TO SUE

50. In consideration of Settling Defendants' fulfillment of the terms set forth in Sections IV through VI above, the State releases and forever discharges to the fullest extent of the law, the Settling Defendants from all civil claims under the Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a and Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.* resulting from the conduct alleged in the State's First Amended Complaint up to and including the Effective Date that is the subject of this Consent Order. The State is not releasing its claims to civil penalties to which it is entitled under Tenn. Code Ann. § 47-18-108(b)(3). The parties are negotiating a penalty amount which will be presented to the Court in the form of a Final Judgment for approval and entry at a later date.

51. In consideration of the State's release and covenant not to sue Settling Defendants as set forth in Paragraph (50), Settling Defendants release and covenant not to sue the State for any claims or defenses that may have been raised by Settling Defendants in this action or in response to this action.

### VIII. RESERVATION OF RIGHTS

52. The State expressly reserves the right to seek any and all legal relief available for Settling Defendants' violations of Tenn. Code Ann. § 57-3-101 *et seq.* that occur after the Effective Date of this Consent Decree.

53. The Parties expressly understand and acknowledge that this Consent Decree shall not be binding on any county prosecutor in the State of Tennessee. The parties expressly understand and acknowledge that this Consent Decree is not binding on the Tennessee Department of Revenue for purposes of any assessments or actions it may take for unpaid taxes, penalties, and

interest. Settling Defendants reserve, and do not waive, any rights, claims, or defenses with respect to any such claims or actions.

## IX. ATTORNEYS' FEES AND COSTS

54. The Parties expressly acknowledge and agree that each shall be responsible for its own attorneys' fees and costs.

## X. RESERVATION OF DAMAGES

55. Nothing in this Consent Decree shall constitute or be construed as a waiver by the State of the right to recover monetary damages from Settling Defendants regarding the allegations in the Complaint. The Court makes no findings with respect to damages.

## XI. OTHER CLAIMS

56. Nothing in this Consent Decree shall constitute or be construed as a release from any claim, cause of action, or demand in law or equity against any person, firm, partnership, or corporation not a party to this Consent Decree, for any liability arising from, or related to, the allegations in the Complaint including, but not limited to Defendant Cask Cartel.

## XII. RETENTION OF JURISDICTION

57. This Court shall retain jurisdiction of this matter for the purpose of overseeing compliance with and resolving disputes arising under this Consent Decree and any matters related to the assessment of civil penalties against Settling Defendants.

## XIII. ENTRY OF CONSENT DECREE BY CLERK

58. Upon signing of this Consent Decree by the Court, the clerk is directed to enter it upon the docket and the Parties will be served electronically. Within three (3) days of entering the judgment upon the docket, the clerk is directed to serve upon all Parties notice of the judgment

12

Case 3:23-cv-00695    Document 26    Filed 12/19/23    Page 12 of 14 PageID #: 138

and its Effective Date upon the docket, in the manner prescribed by Rule 5(b) of the Federal Rules of Civil Procedure and note the service in the appearance docket.

## XIV. AUTHORITY TO ENTER INTO CONSENT DECREE

59. The signatory for Settling Defendants represents and warrants that he or she has been duly authorized to sign this document and so binds the Settling Defendants to all terms and conditions thereof.

## XV. PENALTIES FOR FAILURE TO COMPLY WITH THE TENNESSEE CONSUMER PROTECTION ACT

60. Pursuant to the provisions of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-108(c), any knowing violation of the terms of this Consent Decree shall be punishable by civil penalties of not more than $2,000.00 for each violation, in addition to any other appropriate sanctions including, but not limited to, contempt sanctions and the imposition of attorneys' fees and costs. Upon execution and filing of this Consent Decree, any subsequent failure to comply with the terms hereof is prima facie evidence of a violation of the TCPA.

IT IS SO ORDERED AND AGREED.

**JUDGE WILLIAM CAMPBELL**
**UNITED STATES DISTRICT JUDGE**

JONATHAN SKRMETTI
Attorney General & Reporter

*/s/ Karen G. Ware w/ permission*

*s/ John R. Glover*
KELLEY L. GROOVER, B.P.R. No. 034738
Senior Assistant Attorney General
Consumer Protection Division
JOHN R. GLOVER, B.P.R. No. 037772
Assistant Attorney General
Law Enforcement &
Special Prosecutions Division
Office of the Tennessee
Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202
Off. (615) 253-1103
Kelley.Groover@ag.tn.gov
John.Glover@ag.tn.gov

*s/ Steve S. Mattia*
STEVE S. MATTIA
3835 Avocado Blvd, Suite 265
La Mesa, CA 91941
Phone: (619) 795-6632
Fax: (619) 795-6032
steve@mattialaw.com

*Pro Hac Vice Counsel for My Bev Store, Prime Time Liquors, Wooden Cork, The Liquor Bros, and Bottle Buzz*

14