IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| STATE OF TENNESSEE ex rel. JONATHAN SKRMETTI, Attorney General and Reporter for the State of Tennessee,<br><br>Plaintiff,<br><br>v.<br><br>BOTTLE BUZZ, INC., et al.<br><br>Defendants. | Case No. 3:23-cv-00695<br><br>District Judge Campbell<br>Magistrate Judge Newbern |

## AGREED FINAL JUDGMENT BETWEEN THE STATE OF TENNESSEE AND DEFENDANTS BOTTLE BUZZ, INC., D/B/A BOTTLE BUZZ, PRIME TIME LIQUORS, MY BEV STORE, THE LIQUOR BROS D/B/A THE LIQUOR BROS, AND WOODEN CORK ENTERPRISES, INC., D/B/A WOODEN CORK

On July 14, 2023, Plaintiff, State of Tennessee ("State"), commenced this civil law enforcement action pursuant to the Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122a, and the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, et seq., in the public interest, to obtain equitable and injunctive relief, including a preliminary and permanent injunction against six named Defendants pursuant to 27 U.S.C. § 122a(d) and Tenn. Code Ann. § 47-18-108(a)(1), and to seek the assessment of civil penalties against Defendants pursuant to § 47-18-107(b)(3) of the Tennessee Consumer Protection Act.

Plaintiff filed an amended complaint on July 20, 2023. On December 19, 2023, the State and Defendants Bottle Buzz, Inc., Prime Time Liquors, My Bev Store, The Liquor Bros, and Wooden Cork Enterprises, Inc., d/b/a Wooden Cork (collectively "Settling Defendants") agreed to the entry of a Consent Decree, Permanent Injunction, and Partial Judgment ("Consent Decree")

(D.E. 26), which resolved all issues of law and fact between the parties, save the assessment of civil penalties pursuant to Tenn. Code Ann. § 47-18-108(b)(3). Since the entry of that Consent Decree, the State and Settling Defendants ("the Parties") have agreed to civil penalties to be paid by the Settling Defendants in the amounts fully set forth below.

**NOW THEREFORE**, the Parties, requesting that the Court enter this Agreed Final Judgment, and the Court, having considered the agreement reached between the Parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

A. The Court entered a Consent Decree between the Parties on December 19, 2023. (D.E. 26.)

B. In the Consent Decree, which is incorporated herein by reference in its entirety, Defendants acknowledged that they have each violated Tennessee liquor laws by shipping intoxicating liquor directly to consumers in Tennessee from outside the state without licensure by the Tennessee Alcoholic Beverage Commission ("TABC"). The conduct set forth in the Amended Complaint and Consent Decree is referred to below as the "Covered Conduct."

C. Defendants agreed that the entry of the Consent Decree resolved all matters of dispute between the Parties, except for civil penalties, arising from the Amended Complaint in this action, up to the date of the entry of this Consent Decree. The Parties agreed to reserve any and all findings regarding civil penalties. With the entry of the Consent Decree, the Court made no findings with regard to civil penalties pursuant to Tenn. Code Ann. § 47-18-108(b)(3) for violations caused by Defendants' shipments of Spirituous Liquor and Wine into the State. The Consent Decree encompassed that the State would, following entry of the Consent Decree, "seek the assessment of civil penalties against Defendants" pursuant to § 47-18-107(b)(3) of the Tennessee Consumer Protection Act ("TCPA"). (D.E. 26.)

D.  This Judgment is made in compromise of disputed claims. Through the Consent Decree, Defendants have already conceded liability for all claims brought by the State in the Amended Complaint.

E.  To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of these claims, the Parties reach a full and final settlement as set forth below.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

1.  All terms, conditions, agreements, and releases contained in the Consent Decree (D.E. 26) (less any obligations already met by either of the Parties) remain binding and in effect with the entry of this Judgment and are incorporated herein by reference.

2.  Payments will be made in the form of a certified check or electronic transfer pursuant to instructions from the Office of the Attorney General by each Defendant as follows:

    a.  My Bev Store agrees to pay the State a total of $10,044, with an initial payment of $3,000 within 10 days of execution of this Judgment. The remaining amounts shall be paid in three equal installment payments scheduled for 30, 60, and 90 days, respectively, from the date of the first payment.

    b.  Prime Time agrees to pay the State a total of $11,745, to be paid within 10 days of execution of this Judgment.

    c.  Wooden Cork agrees to pay the State a total of $13,608, to be paid within 10 days of execution of this Judgment.

  d.  The Liquor Bros agrees to pay the State a total of $12,231, with an initial payment of $3,000 within 10 days of execution of this Judgment. The remaining amounts shall be paid in three equal installment payments scheduled for 30, 60, and 90 days, respectively, from the date of the first payment.

  e.  Bottle Buzz agrees to pay the State a total of $10,692, to be paid within 10 days of execution of this Judgment.

3. If any individual Defendant fails to pay any amount within the time such payment is due as set forth in Paragraph 2, that Defendant shall be in default of its payment obligations ("Default"). In the event of Default, the State will provide written notice of the Default to the Defendant and the Defendant shall have the opportunity to cure such Default within thirty (30) days from the date of receipt of the Default notice. Notice of Default will be delivered to Defendant's counsel by U.S. Postal Service Certified Mail and electronic mail to Steve Mattia or to such other representative as the Defendant shall designate in advance in writing. If the Defendant fails to cure the Default within thirty (30) days of receiving the notice of Default, the State may: (a) rescind its releases; and/or (b) exercise any other rights granted by law or in equity ("Default Actions"). The Defendant shall pay the State all reasonable costs of collection and enforcement of the Default Actions under this Judgment, including interest on late payments, attorney's fees, and expenses.

IT IS SO ORDERED.

                  */s/ William L. Campbell, Jr.*
                  **WILLIAM L. CAMPBELL, JR.**
                  **CHIEF UNITED STATES**
                  **DISTRICT JUDGE**

JONATHAN SKRMETTI
Attorney General & Reporter

*s/ John R. Glover*
KELLEY L. GROOVER, B.P.R. No. 034738
Senior Assistant Attorney General
Consumer Protection Division
JOHN R. GLOVER, B.P.R. No. 037772
Assistant Attorney General
Law Enforcement &
Special Prosecutions Division
Office of the Tennessee
Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202
Off. (615) 253-1103
Kelley.Groover@ag.tn.gov
John.Glover@ag.tn.gov

*s/ Steve S. Mattia*
STEVE S. MATTIA
3835 Avocado Blvd, Suite 265
La Mesa, CA 91941
Phone: (619) 795-6632
Fax: (619) 795-6032
steve@mattialaw.com

*Pro Hac Vice Counsel for My Bev Store, Prime Time Liquors, Wooden Cork, The Liquor Bros, and Bottle Buzz*